**PAUL REILLY COMPANY, INC., Plaintiff,**

v.

**DYNAFORCE CORPORATION, Defendant.**

No. 78–C–277.

United States District Court, E. D. Wisconsin.

May 18, 1978.

Foley & Lardner, Gilbert W. Church, Michael A. Bowen, Milwaukee, Wis., for plaintiff.

Godsell, Weber, Bruch & Rick by Michael B. Rick, Hales Corners, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motion for a preliminary injunction. The plaintiff has supported its motion with affidavits; the defendant has filed a brief in response; and the plaintiff has filed a brief in reply.

Numerous facts are averred in the plaintiff's affidavits. The defendant has denied some of them in its answer but has filed no affidavits to controvert the plaintiff's affidavits. Accordingly, the recitation of facts which is hereinafter stated is deemed true for purposes of this motion.

The plaintiff, Paul Reilly Company, Inc., is a Wisconsin corporation engaged in the business of buying and selling equipment. The defendant, Dynaforce Corporation, according to the complaint and without contradiction in the answer, is a corporation incorporated in a state other than Wisconsin engaged in the business of manufacturing industrial "air curtains." In 1973, Reilly and Dynaforce verbally agreed that Reilly would become the exclusive dealer for Dynaforce's air curtains, the components of such air curtains, and certain other related devices, for the territory comprised of Wisconsin and certain adjacent territory. On April 5, 1975, the parties entered into a written exclusive dealership agreement which essentially incorporated the terms of the verbal agreement previously entered into by the parties.

In 1976, the defendant began marketing a product called a "strip door" and requested that the plaintiff assume the responsibility for its distribution. The plaintiff informed Dynaforce that it already represented other manufacturers of strip doors and therefore it could not sell Dynaforce's strip doors under the same terms as those set forth in the exclusive dealership contract.

Accordingly the parties agreed that the plaintiff would handle Dynaforce's strip doors on a separate and nonexclusive basis.

As late as March 22, 1978, an employee of Dynaforce sent a letter to Reilly commending its sales performance. Dynaforce had sent two other such letters to Reilly on previous occasions. However, Dynaforce became dissatisfied with Reilly's efforts in promoting and selling the strip doors which Reilly had agreed to sell on a nonexclusive basis for Dynaforce. The defendant's dissatisfaction in this regard arose upon its discovery that Reilly supposedly had instructed its employees not to sell Dynaforce's strip doors. This alleged instruction was revealed by Joe Caprez, a former Reilly employee. At the time this disclosure was made by Mr. Caprez, he was proposing to Dynaforce that he, instead of Reilly, be given the dealership for Dynaforce products.

On April 3, 1978, the president of Dynaforce notified Reilly that he was exercising the "official 30 day's notice to terminate our relationship as per our contract of April 4, 1975." Reilly then commenced this action in a Wisconsin state court seeking injunctive relief and claiming that the proposed termination by Dynaforce of the exclusive dealership agreement was illegal and ineffective under the Wisconsin Fair Dealership Law, Ch. 135, Wis.Stats. The action alleged that Dynaforce lacked "good cause" for the termination and that Dynaforce failed to comply with the notice provisions of § 135.04, Wis.Stats. The plaintiff filed a motion in the state court for a preliminary injunction, and a hearing was scheduled for May 8, 1978. On May 5, 1978, the defendant removed this action to federal court pursuant to 28 U.S.C. § 1441, asserting both diversity and federal question jurisdiction. The defendant also filed an answer and a counterclaim.

The standards for granting a preliminary injunction are set forth in *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976):

"(1) the plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest."

Reilly bears the burden of showing that these prerequisites have been satisfied.

Dynaforce argues that Reilly will not be irreparably injured since it represents other equipment manufacturers and has not shown what impact the termination will have on its economic livelihood. Reilly relies on a 1977 amendment to the Wisconsin Fair Dealership Law which provides that:

"In any action brought by a dealer against a grantor under this chapter, any violation of this chapter by the grantor is deemed an irreparable injury to the dealer for determining if a temporary injunction should be issued." § 135.065, Wis. Stats. (April 19, 1977).

■ If Reilly shows a reasonable likelihood of success in establishing a violation of the Wisconsin Fair Dealership Law, I believe that the requisite injury for a preliminary injunction may be presumed. However, even apart from this presumption, I am satisfied that the plaintiff in the case at bar will be irreparably injured if the dealership is terminated. Mr. Reilly's affidavit states that the plaintiff has no similar product line available from other manufacturers and that good will would be lost and confusion in the market would occur if Reilly were unable to furnish its customers with Dynaforce's products. Upon the present record, I believe that this establishes that the plaintiff's legal remedies are inadequate.

I am also convinced that the threatened injury to the plaintiff outweighs any injury a preliminary injunction would inflict on the defendant. Dynaforce argues that it will be harmed by a substantial loss of business and that it will be "shut out of the market" if it is forced to continue in a strained relationship with Reilly pending the outcome of this litigation. However, it is apparent from the record that the plaintiff has performed well in the sale of Dynaforce's products. Also, the plaintiff has given quotations for future sales to customers interested in purchasing Dynaforce products. These factors, together with the plaintiff's interest in earning commissions from the sale of Dynaforce's products, suggest that the continuation of the dealership agreement may not seriously harm the defendant's interests.

■ I am also persuaded that the plaintiff has at least a reasonable likelihood of success on the merits. The defendant's argument that the Wisconsin Fair Dealership Law is inapplicable to the parties' agreement is meritless for two reasons: First, the defendant's argument is predicated on the assertion that the contract involved is the oral agreement entered into by the parties in 1973. In *Clark Oil & Refining Corp. v. Leistikow*, 69 Wis.2d 226, 234, 230 N.W.2d 736 (1975), the Wisconsin supreme court held that the good cause requirement of § 135.02(6), Wis.Stats., is not applicable to agreements predating April 5, 1974. However, the dealership agreement at issue in this case is the April 5, 1975, written contract. Agreements entered into after April 5, 1974, were covered by the Wisconsin Fair Dealership Law even before the 1977 amendments.

Second, subsequent to the *Clark Oil & Refining Corp.* decision, the Wisconsin Fair Dealership Law was amended to cover dealership renewals occurring after April 5, 1974, of agreements which had been entered into before that date. This retroactive application of the law was held not to violate the contract clauses of the United States or Wisconsin Constitutions in *Tucker Company, Inc. v. Energy Absorption Systems, Inc.*, case no. 77–C–776 (E.D.Wis. memorandum and order dated December 12, 1977). Thus, whether the April 5, 1975, contract be viewed as either an original or a renewal contract, it is covered by the Wisconsin Fair Dealership Law.

I believe that it is likely that the plaintiff will be able to show that the defendant violated the Wisconsin Fair Dealership Law by its failure to provide the notice required by § 135.04, Wis.Stats. That section requires, inter alia, that a notice of termination be at least 90 days in advance of the termination and that it provide the dealer with 60 days within which to rectify the claimed deficiency. The notice in this case, a copy of which is appended to the complaint, provides only 30 days' notice and provides no time for the plaintiff to correct the claimed deficiency. While a termination with 30 days' notice is permissible under the parties' contract, § 135.025, Wis. Stats., prohibits and makes unenforceable any contractual provision which varies the effect of the Wisconsin Fair Dealership Law. Thus, it is reasonably clear that a violation has been shown.

The plaintiff also claims to have made a showing of probable success in establishing that the termination was without good cause. I find it unnecessary at this time to make such determination. It is sufficient, in my opinion, to issue a preliminary injunction in favor of the plaintiff based on the probable merit of the plaintiff's notice argument. In the event sufficient notice under the statute is hereafter given, the court will consider the parties' applications for continuation or termination of this preliminary injunction at such time.

Finally, given the underlying policies of the Wisconsin Fair Dealership Law expressed in § 135.025, Wis.Stats., I believe that a preliminary injunction will serve the public interest. Since the plaintiff has met all the requirements for the issuance of a preliminary injunction, its motion will be granted.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is granted. The defendant is enjoined during the pendency of this action from terminating the plaintiff's dealership without first meeting the notice requirements set forth in § 135.04, Wis.Stats.