Marlene **KOLZ** et al.,
**Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION OF the CITY OF CHICAGO et al.,
Defendants-Appellees.**

**No. 77-1894.**

United States Court of Appeals,
Seventh Circuit.

Argued April 19, 1978.
Decided June 1, 1978.

are a group of Chicago public school teachers who have been transferred from one public school to another pursuant to a faculty and staff integration plan adopted by the Board of Education of the City of Chicago.

On July 9, 1969, the Department of Justice informed the Board that the faculty and staff of the Chicago public schools must be integrated. Under a plan adopted by the Board on May 25, 1977, over 2,000 teachers were notified on June 16, 1977 that they were being transferred and reassigned to different schools within the system beginning September 1977. Teachers who wished to appeal their transfers could do so either to a Hardship Committee or to an Error and Program Needs Committee. Nearly one-half of the appeals filed were granted.

One month after the plaintiffs filed suit in federal court, they filed a motion for injunctive relief. That same day the district court denied the motion for a temporary restraining order, finding no constitutional right was involved and that the Board had statutory authority to transfer the teachers. Two weeks later the court denied the motion for a preliminary injunction, noting that the plaintiffs had failed to establish deprivation of significant constitutional rights, that is, that there is no constitutional right to a teaching position in a particular location. The plaintiffs appeal from that denial of injunctive relief.

Solomon Gutstein, Chicago, Ill., for plaintiffs-appellants.

Richard E. Girard, Board of Ed., City of Chicago, Chicago, Ill., Craig M. Crenshaw, Jr., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before SWYGERT, Circuit Judge, MOORE, Senior Circuit Judge,[1] and BAUER, Circuit Judge.

PER CURIAM.

The sole issue is whether the district court erred in denying the plaintiffs' motion for a preliminary injunction. The plaintiffs

The decision to grant or deny interlocutory injunctive relief is one of judicial discretion. *Yakus v. United States,* 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944). Therefore, the only issue before this court is whether the district court abused its discretion. For preliminary injunctive relief, the movant must establish a reasonable probability of success on the merits, irreparable injury, the lack of serious adverse effects on others, and sufficient public interest. *Illinois Migrant Council v. Pilliod,* 540 F.2d 1062, 1069 (7th Cir. 1976), *modified on other grounds,* 548 F.2d 715

---

1. The Honorable Leonard P. Moore, United States Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, is sitting by designation.

(1977) (*en banc*). Although no one of these factors is determinative, if a court finds that under applicable law there is no probability of success on the merits and no irreparable injury, it is unnecessary for the court to consider the other factors.

Without deciding the merits of the plaintiffs' claims, the district judge concluded that a preliminary injunction should not be granted. He noted he had serious doubts as to whether the plaintiffs have a property right to teach in particular schools and stated that without such a right, the procedural safeguards of the Fourteenth Amendment would not apply. The judge also suggested that the pending administrative proceedings acted as a bar to equitable intervention by a federal court.[2]

After reviewing the record, the briefs, and having heard oral argument, we find that the district judge did not abuse his discretion in denying the requested injunctive relief. On the question of probability of success on the merits, the judge correctly focused on the requirement of a property interest and distinguished teachers who are being discharged altogether from those who are merely being transferred to a different school as the result of an administrative decision. Under Illinois law the Board clearly has the authority to transfer teachers. *See* Ill.Rev.Stat. ch. 122, §§ 34–8 and 18. Absent a property interest and a legitimate claim of entitlement to the interest, the procedural safeguards of the Fourteenth Amendment simply do not apply. *Board of Regents v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

For these reasons we affirm the order of the district court.

---

**2.** The plaintiffs also urge reversal on the ground that the Board's action violates the transferred teachers' rights to equal protection of the laws by singling out certain teachers for transfer, thereby imposing special burdens on them yet exempting others in the same class (teachers of the same race). They further argue that because the plan exempts "teachers 55 years or older" from transfer, the plan results in age discrimination against teachers under 55. The district court did not specifically address either of these arguments. After reviewing the record, we find that neither argument has a reasonable probability of success on the merits.