Charles MURPHY et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF the
CITY OF ST. LOUIS et al.,
Defendants.

No. 78–628C(1).

United States District Court,
E. D. Missouri, E. D.

Aug. 11, 1978.

Anthony J. Sestric, Fordyce & Mayne, St. Louis, Mo., for plaintiff.

John H. Lashly, Paul B. Rava, Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motion of plaintiffs to remand, and on the motion of defendants to dismiss for failure to state a claim. For the reasons stated hereinafter, plaintiffs' motion to remand will be denied, and defendants' motion to dismiss will be sustained.

This case was originally filed in St. Louis City Circuit Court by nine plaintiffs for alleged deprivation of constitutionally protected rights and for unfair employment practices. The petition also made class allegations on behalf of "all employees of the board" [of education]. The defendants thereafter removed to this court.

Count I seeks a declaratory judgment that defendants' actions in transferring teachers pursuant to a consent decree in *Liddell, et al. v. Bd. of Education, et al.,* Case No. 72–100 C (1), (E.D.Mo.), are "illegal, invalid, and unconstitutional, and contrary to the laws of the State of Missouri, the United States, and the City of St. Louis."

Count II prays for a restraining order prohibiting the aforementioned transfers. Count III seeks damages of $10,000,000.00.

The Court will first address the plaintiffs' motion to remand. Plaintiffs contend that this action is not subject to the original jurisdiction of the United States District Court under 28 U.S.C.

Section 1331 of Title 28 reads: "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Section 1343 of Title 28 provides: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

Finally, Title 28 U.S.C. § 1441(a) allows a defendant to remove any action brought in a state court to the district court where "the district courts of the United States have original jurisdiction."

Subparagraph (c) of that section states that "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The question which must be answered is whether this court would have original jurisdiction of any of the plaintiffs' claims. Although the petition evidences a shotgun approach to pleading, it is apparent that the plaintiffs complain of violations of state law, § 292.020, R.S.Mo.; federal law, the 14th Amendment, 42 U.S.C. §§ 1981, 1983,

and 2000e–2; and of St. Louis City Ordinances, Numbers 51512 and 57173.

Clearly the plaintiffs' claims for deprivation of rights secured under the 14th Amendment and Sections 1981, 1983, and 2000e–2 of Title 42 are claims "which would be removable if sued upon alone." 28 U.S.C. § 1441(c). They would be removable because 28 U.S.C. § 1343(3) and (4) grant the district court original jurisdiction of a civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, . . . of any right, privilege or immunity secured by the Constitution . . . ." or "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."

■ If the adjudication of a claim depends upon the application of either the Constitution or laws of the United States, the entire case is removable. 14 Wright, Miller and Cooper, *Federal Practice and Procedure,* Jurisdiction, § 3722, page 546. *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). 28 U.S.C. § 1441(c). Since plaintiffs are clearly alleging violations of the 14th Amendment and of various provisions of the civil rights acts of Title 42, those federal claims may be removed. Furthermore, 28 U.S.C. § 1441(c) allows the district court to remove the entire case and also to determine all issues therein. *Watkins v. Grover,* 508 F.2d 920, 921 (9th Cir. 1974). Therefore, plaintiffs' motion to remand will be overruled and the Court will take jurisdiction of the entire cause.

■ The Court will next address the defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), F.R.C.P. Defendants contend they are merely carrying out and implementing a court approved consent decree entered in *Liddell, et al. v. Bd. of Education, et al.,* Case No. 72–100 C (1), (December 24, 1975, E.D.Mo.). The Court agrees.

Paragraph 5 of that consent order, which was approved by this Court, requires the defendants to affirmatively act to reduce

the racial imbalance of teachers in the St. Louis City school system.

The Court is of the opinion that the teachers can state no claim, federal or otherwise, for the transfers ordered under the consent decree in *Liddell, supra.*

Under Missouri law, the school impliedly has the discretionary right to transfer teachers. See, § 168.211(2), R.S.Mo. (1969). There is, therefore, virtually no probability of success on the merits of an equal protection claim where the board has such authority to transfer teachers. *Kolz v. Board of Ed. of City of Chicago,* 576 F.2d 747, 749 n.2 (7th Cir. 1978).

Also supporting this conclusion is the case of *McDaniel v. Barresi,* 402 U.S. 39, 91 S.Ct. 1287, 28 L.Ed.2d 582 (1971). In that case litigation was commenced to raise equal protection claims of students who were reassigned schools by the school board under a voluntary program to desegregate its public schools. The Supreme Court held the plan did not offend the 14th Amendment and that the Board properly took into account race in formulating parts of the plan. *Id.* at 41, 91 S.Ct. 1287. It is thereby clear that plaintiffs can state no claim under the 14th Amendment, 42 U.S.C. §§ 1981, 1983, and 2000e-2. *Id.*

Although there is no law on the issue, the Court is of the opinion that the reasoning in *McDaniel v. Barresi, supra,* and *Kolz v. Board of Ed. of City of Chicago, supra,* applies by analogy to plaintiffs' claims of unlawful employment practices under state and municipal law. Both the state statute and the city ordinance contain language that closely parallels the federal statutory and constitutional law. Therefore, the Court will dismiss the state and municipal claims for failure to state a claim. There is simply no law or authority to support plaintiffs' contentions or theories.

Finally, it should be noted that the plaintiffs were given ample opportunity to intervene in *Liddell, supra,* but chose not to do so. This fact further supports the determination that plaintiffs can state no claim. See, *Black and White Children of Pontiac School System v. School District of City of Pontiac,* 464 F.2d 1030 (6th Cir. 1972).