REINDERS BROTHERS, INC., Plaintiff,

v.

RAIN BIRD EASTERN SALES
CORP., Defendant.

Civ. A. No. 79–C–301.

United States District Court,
E. D. Wisconsin.

Sept. 24, 1979.

Bruce C. O'Neill, Milwaukee, Wis., for plaintiff.

Clay R. Williams, Robert E. Wrenn, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is a diversity action, removed to this court from the Circuit Court of Waukesha County, in which the plaintiff Reinders Brothers, Inc. ("Reinders") alleges that its dealership agreement with the defendant Rain Bird Eastern Sales Corporation ("Rain Bird") was terminated without good cause, in violation of Chapter 135, Wisconsin Statutes. Plaintiff's motion for a preliminary injunction to prevent the termination was heard at an evidentiary hearing in this court September 10–12, 1979. On the basis of the evidence produced at that hearing, the motion will be granted. Plaintiff will be ordered to submit proposed findings of fact and conclusions of law in support of this decision.

■ The standards for granting a preliminary injunction are set forth in *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976):

"(1) the plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest. * * *"

Plaintiff must meet all four requirements before an injunction can issue.

Plaintiff has shown a likelihood of success on the merits of this action. The Court has determined that the reason the distributorship was terminated was that in March 1978, Reinders purchased R & S Parts, Inc. ("R & S"), and obtained a distributorship agreement with Toro, a competitor of Rain Bird. There is no evidence in the record that before that time Rain Bird had any dissatisfaction whatsoever with the performance of Reinders. After Reinders obtained the Toro distributorship and purchased R & S, the relationship between the parties deteriorated steadily. Rain Bird refused to honor purchase orders and requests for sales assistance that Reinders made. Reinders was informed that Rain Bird was searching for a new distributor. And Rain Bird made various oral and written attempts to terminate the relationship.

Section 135.03, Wisconsin Statutes, requires that no dealership may be terminated without "good cause." Further, "[t]he burden of proving good cause shall be on the grantor." "Good cause" is defined in § 135.02(6):

> " 'Good cause' means:

> "(a) Failure by a dealer to comply substantially with essential and reasonable requirements imposed upon him by the grantor, or sought to be imposed by the grantor, which requirements are not discriminatory as compared with requirements imposed on other similarly situated dealers either by their terms or in the manner of their enforcement; or

> "(b) Bad faith by the dealer in carrying out the terms of the dealership."

■ Rain Bird itself acknowledges that the acquisition of a distributorship of a competing manufacturer does not constitute good cause for termination. Rather, Rain Bird denies that Reinders' acquisition of the Toro distributorship was the reason for the termination. However, because this Court has determined that the acquisition of the competing distributorship was the reason for the termination and because such acquisition does not constitute good cause, Reinders has a reasonable likelihood of success on the merits of this action.

Plaintiff Reinders has also demonstrated that it will be irreparably harmed if the injunction does not issue. Once plaintiff has shown a reasonable likelihood of success in establishing a violation of the Wisconsin Fair Dealership Law, the requisite irreparable harm may be presumed. See § 135.065, Wisconsin Statutes; *Paul Reilly Co., Inc. v. Dynaforce Corp.*, 449 F.Supp. 1033 (E.D. Wis.1978). In addition to the statutory presumption, Reinders has shown that the loss of the Rain Bird distributorship will cost the company the loss of the good will of many established customers, which good will was built up over twenty years as a Rain Bird distributor.

As to the requirement of *Fox Valley*, supra, that the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant, the harm to plaintiff has been described above. The Court is convinced that defendant Rain Bird will not be substantially harmed by the continuation of the Reinders' distributorship. It is undisputed that Reinders has employees, especially Allan Schildknecht, who are extremely competent and who have the confidence of their customers. Reinders' personnel have expressed on the record their desire to serve their customers and to sell Rain Bird products at competitive prices. In addition, Rain Bird is free to contract with additional distributors in Wisconsin should it desire promotion of its products beyond that which has been accomplished by Reinders.

The fourth requirement of *Fox Valley*, supra, is that the granting of the injunction not disserve the public interest. The Wisconsin Legislature enacted Chapter 135 to protect the public interest. Section 135.-025(2)(a) states:

> "(2) The underlying purposes and policies of this chapter are:

> "(a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis."

This Court finds that enforcing Chapter 135 is protecting the public interest. Further-

more, the public interest is well served by the existence of dealerships which carry competing lines of products under one roof.

For the above reasons, plaintiff's motion for a preliminary injunction will be granted, and defendant Rain Bird will be enjoined from terminating its dealership agreement with Reinders Brothers, Inc., for the pendency of this action.

IT IS THEREFORE ORDERED that plaintiff's attorney prepare proposed findings of fact and conclusions of law in keeping with this decision. These proposals should be submitted to the court and to opposing counsel within ten days of the filing date of this order, and opposing counsel will have five days thereafter to file his comments on them.