**MENOMINEE RUBBER COMPANY,**
**Plaintiff-Appellee,**

v.

**GOULD, INC., Defendant-Appellant.**

**No. 80–2440.**

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1981.

Decided Aug. 21, 1981.

Daniel W. Weil, Winston & Strawn, Chicago, Ill., for defendant-appellant.

Bruce C. O'Neill, Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and MARKEY,* Chief Judge.

PELL, Circuit Judge.

Gould appeals from the district court's grant of a preliminary injunction prohibiting Gould from terminating Menominee Rubber Company (MRC) as a distributor of its patented hose-crimping machine. Gould manufactures the machine and its component couplings and sells them to its distributors along with special hose it purchases from outside suppliers. The distributors usually crimp the coupling on the hose with the machine, and sell the completed hose assemblies. The patent and manufacturing facilities for the machine and couplings were acquired by Gould in 1976 from the ITS Imperial Corporation which had, with its predecessors, maintained a non-exclusive oral distributorship agreement with MRC since the mid-1960's.

On March 20, 1980, Gould gave MRC 90 days' written notice of its intent to terminate the distributorship. Gould's action was allegedly based upon MRC's refusal to "aggressively promote" the complete line of Gould hose assembly products in that MRC refused to purchase and offer for sale any Gould-supplied hose but rather purchased the hose directly from Gould's suppliers. Gould also claimed that MRC entered into competition with Gould in the manufacture of couplings. This latter allegation was based upon MRC's manufacture for itself of certain high-demand couplings previously supplied by Gould. MRC claimed that this manufacturing was necessary because of Gould's failure to maintain an adequate supply of the couplings on a prior occasion.

On June 10, 1980, MRC brought this action in the Circuit Court of Wisconsin under the Wisconsin Fair-Dealership Act, Wis. Stat. § 135.01 *et seq.* MRC alleged that the

threatened termination was without "good cause" in violation of § 135.03. The circuit court granted MRC's request for a temporary injunction and Gould removed the litigation to the United States District Court for the Eastern District of Wisconsin. After the removal, MRC added to its complaint claims under the Wisconsin Antitrust Act, Wis.Stat. § 133, the Sherman Antitrust Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 14, and moved for a preliminary injunction against the termination. The district court granted the motion holding that the Wisconsin Fair-Dealership Act's prohibition of terminations without "good cause" applied either because it had retroactive application, *see* § 135.025 *and Paul Reilly Co., Inc. v. Dynaforce Corp.,* 449 F.Supp. 1033, 1035 (E.D.Wis.1978), or because the agreement between the parties was entered into or at least was renewed when Gould acquired Imperial in 1976, after the effective date of the Act. The court went on to find that MRC had a reasonable likelihood of success on the merits because the threatened termination might violate the state and federal antitrust prohibitions against tying agreements and full-line forcing. *See Pitchford v. Pepi, Inc.,* 531 F.2d 92 (3d Cir. 1976), *cert. denied,* 426 U.S. 935, 96 S.Ct. 2469, 49 L.Ed.2d 387. Gould has appealed from these determinations.

Our standard for review of grants of preliminary injunctions has been set forth many times and has recently been restated in *Reinders Brothers, Inc. v. Rain Bird Eastern Sales Corp.,* 627 F.2d 44 (7th Cir. 1980):

> As the district court rightly noted, the granting of a preliminary injunction requires that the district court consider each of the four factors set forth in *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.,* 545 F.2d 1096, 1097 (7th Cir. 1976). Those factors are: (1) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not

---

* *Chief Judge Howard T. Markey, Chief Judge of the United States Court of Customs and Patent* Appeals, *is sitting by designation.*

issue; (2) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; (3) whether the plaintiff has at least a reasonable likelihood of success on the merits; and (4) whether the granting of a preliminary injunction will disserve the public interest. Upon appeal, a district court decision that, as here, preserves the status quo may be overturned only upon a showing of a clear abuse of discretion. *Jordan v. Wolke*, 593 F.2d 772, 773 (7th Cir. 1978); *Banks v. Trainor*, 525 F.2d 837 (7th Cir. 1975), certiorari denied, 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748. Reviewing the district court's decision requires a reexamination of his findings on each of the four considerations. Yet no one of the factors is decisive, even though the likelihood of success on the merits often serves as a threshold requirement for entitlement to preliminary relief. *Kolz v. Board of Education of the City of Chicago*, 576 F.2d 747, 748–749 (7th Cir. 1978). As a result, not only must the district court's findings be allowed to stand absent evidence that they are clearly erroneous or represent a certain mistake of law (*Sangmeister v. Woodard*, 565 F.2d 460, 464–465 (7th Cir. 1977), appeal dismissed *sub nom. Illinois State Board of Education v. Sangmeister*, 435 U.S. 939, 98 S.Ct. 1516, 55 L.Ed.2d 535), but its decision as a whole must not be upset unless the totality of the factors points to a clear departure from the proper exercise of its discretion.

*Id.* at 48–49. As *Reinders Brothers* clearly states, our review is very limited and reversal requires a showing from the totality of the factors that a clear abuse of the trial court's discretion has occurred or that the court's findings were clearly erroneous or represent a certain mistake of law.

Upon reviewing the record in this case, we cannot conclude that Gould has made the required showing. Although it is true that the Wisconsin Supreme Court has recently decided that the Wisconsin Fair-Dealership law cannot constitutionally be applied retroactively to dealership agreements entered into prior to the Act's 1974

effective date, *Wipperfurth v. U-Haul Co. of Wisconsin*, 304 N.W.2d 767 (Wis., 1981), Gould has failed to establish that the district court was clearly erroneous in concluding that the agreement between Gould and MRC was initiated or renewed at the time Gould acquired Imperial in 1976. Gould's reliance on *H. Phillips Co., Inc. v. Brown-Forman Distillers Corp.*, 483 F.Supp. 1289 (W.D.Wis., 1980), for the proposition that Gould's merger with Imperial had no effect on Imperial's agreement with MRC is misplaced. The effect a merger has upon a pre-existing contract is, to a high degree, dependent upon the parties' intentions at the time, which is largely a factual determination. Thus, the implicit conclusion without discussion in *Phillips* that the merger reviewed there did not affect the pre-existing contract has little impact on the equivalent injury in this case.

Moreover, on the record as it presently exists, we cannot say that the preliminary injunction might not be supportable on MRC's antitrust claims. Although Gould is once again correct in claiming that a Sherman Act § 1 *violation* requires an executed agreement or understanding, Gould ignores the language of 15 U.S.C. § 26 allowing the issuance of a *preliminary injunction* not only against a completed antitrust violation, but also "against *threatened* loss or damage by a violation of the anti-trust laws . . . when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity . . . ." (Emphasis supplied.) An injunction against a threatened antitrust injury is available, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130 [89 S.Ct. 1562, 1580, 23 L.Ed.2d 129] (1969) (citation omitted), *Credit Bureau Reports, Inc. v. Retail Credit Co.*, 476 F.2d 989, 992 (5th Cir. 1973), and appropriate in this case. The district court concluded that a substantial amount of competition in the tied products' market would be lost were the termination to take place or were the concessions to be granted by MRC. MRC presently purchases and resells approximately $1,000,000 of

hose and $125,000 of couplings annually, and Gould presently has a monopoly in the market for the tying product due to its patent on the crimping machine.

We stress that we are not reaching an ultimate conclusion regarding the merits of this controversy. Gould might well succeed on most or all of its contentions and defenses at trial. Preliminary injunction determinations, however, do not bind a court in the subsequent trial on the merits. This rule is so well-settled in this circuit, *Hunter v. Atchison, T. & S.F. Ry. Co.*, 188 F.2d 294, 298–99 (7th Cir. 1951), *cert. denied*, 342 U.S. 819, 72 S.Ct. 36, 96 L.Ed. 619, and in the other circuits as to discourage most modern-day litigation of this issue. *See, e. g., Oburn v. Shapp*, 521 F.2d 142, 149 n.18 (3d Cir. 1975); *Ross-Whitney Corp. v. Smith Kline & French Laboratories*, 207 F.2d 190, 199 (9th Cir. 1953); *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953); *Benson Hotel Corp. v. Woods*, 168 F.2d 694, 697 (8th Cir. 1948).

In cases seeking preliminary injunctions on antitrust grounds against termination of dealerships, those injunctions are frequently granted with a lesser showing of likelihood of success on the merits than would normally be required. *Milsen Co. v. Southland Corp.*, 454 F.2d 363 (7th Cir. 1971). In fact, some courts have gone so far as to hold that in this type of case, plaintiffs need not even establish the likelihood. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1205–06 (2d Cir. 1970). This is because of the clear imbalance of hardships the parties would suffer were their respective positions adopted prior to trial. The imbalance between the hardship MRC would suffer if terminated versus the hardship Gould would suffer if the status quo were maintained is no less apparent in this case. The loss of goodwill and the disruption of MRC's business resulting from its termination is substantial and sufficient to constitute "irreparable harm." *Reinders Brothers, supra* at 53. Such harm, in fact, is presumed from a violation of the Wisconsin Fair-Dealership Act. Wis.Stat. § 135.065. In light of this clear imbalance, the district court was within its discretion in granting the preliminary injunction notwithstanding an arguable likelihood that MRC will ultimately prevail at trial.

Accordingly the judgment granting a preliminary injunction is

AFFIRMED.