**JPM, INC., John P. Mettler and Margo Mettler, Plaintiffs,**

v.

**JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY and Deere & Company, Defendants.**

No. 94–C–0803–C.

United States District Court, W.D. Wisconsin.

Sept. 28, 1995.

Order Granting Reconsideration and Dismissing Claim Oct. 16, 1995.

Carol S. Dittmar, Garvey, Anderson, Johnson, Gabler & Geaci, S.C., Eau Claire, WI, for JPM, Inc., John P. Mettler, Margo Mettler.

James Brennan, Quarles & Brady, Milwaukee, WI, for John Deere Industrial Equipment, Deere & Company.

## OPINION AND ORDER

CRABB, District Judge.

This case is before the court on defendants' motion for reconsideration or amendment of an order entered on August 8, 1995, in which I denied defendants' motion for summary judgment because I believed plaintiffs had stated an arguable claim of constructive termination under the Wisconsin Fair Dealership Law. Defendants contend that this result is incorrect. They argue that plaintiffs cannot claim constructive termination by economic duress because they could have obtained an injunction under the Wisconsin Fair Dealership Law to prevent the allegedly wrongful termination of their dealership. Plaintiffs' position is that the order should stand because the Wisconsin

Fair Dealership Law allows wronged parties either to seek damages or an injunction and that an injunction would not have been an adequate remedy for the defendants' unlawful termination threats.

■ I affirm my previous conclusion that economic duress or coercion can serve as the basis of a constructive termination claim. However, I believe the earlier order should be modified to make it explicit that plaintiffs making such claims must make an initial showing either that they pursued legal avenues available to remedy the alleged duress or that those remedies would not have been adequate to cure the problem. Furthermore, because it would be an unwise use of the court's and parties' resources to go to trial unless plaintiffs can make this initial showing, I will require plaintiffs to submit a written statement before trial explaining how they intend to demonstrate the inadequacy of the injunctive relief provided under the Wisconsin Fair Dealership Law.

■ The Wisconsin Fair Dealership Law prevents a grantor from terminating or substantially changing the competitive circumstances of a dealership agreement without good cause. Wis.Stat. § 135.03. Wisconsin courts acknowledge that the protections of Wis.Stat. § 135.03 extend to "constructive" or "de facto" termination, where a formal dealership contract continues in force although the relationship has effectively ended in practice. *See Super Valu Stores, Inc. v. D–Mart Food Stores, Inc.,* 146 Wis.2d 568, 576, 431 N.W.2d 721, 725 (Ct.App.1988), *review denied,* 147 Wis.2d 888, 436 N.W.2d 29 (1988). *See also* Michael A. Bowen & Brian E. Butler, *The Wisconsin Fair Dealership Law* (2d ed. 1995) (agreeing that constructive termination claims are valid). Several federal courts have suggested that constructive termination claims can be brought under the Wisconsin Fair Dealership Law. *See East Bay Running Store, Inc. v. NIKE,* Inc. 890 F.2d 996, 1000 n. 6 (7th Cir.1989); *Remus v. Amoco Oil Co.,* 794 F.2d 1238, 1241 (7th Cir.1986) (law precludes franchisors from driving dealers out of business by taking actions that make it impossible for dealers to run their businesses effectively).

■ Defendants agree that constructive termination is actionable under the Wisconsin Fair Dealership Law but contend that it requires completed action by the franchisor that adversely affects the dealer. According to defendants, threatened future action is insufficient to constitute constructive termination. Plaintiffs argue that defendants' threats to terminate their dealership were sufficiently adverse and complete to allow a constructive termination claim.

■ I agree with plaintiffs that a franchisor's threats or coercive conduct could amount to a constructive termination of its ·dealership agreement with its franchisee. Keeping in mind that the Wisconsin Fair Dealership Law is to be construed liberally so as to promote its underlying remedial purposes and policies, Wis.Stat. § 135.025(1), and that the law recognizes the superior economic and bargaining power of grantors and seeks to protect dealers against unfair treatment by grantors, Wis.Stat. § 135.025(2)(b), I am persuaded that allowing grantors to threaten dealers with unlawful termination in order to achieve their goals would inhibit the law's purpose of ensuring dealers fair treatment. Plaintiffs have alleged that defendants' threats gave plaintiffs no choice but to sell immediately to ISON. Removing dealers' options to sell on their own terms could be considered an adverse action under the law. It does not matter that defendants had not yet carried out their threats; their existence and their adverse effect on plaintiffs are enough to make them sufficiently completed actions.

Although defendants disagree that constructive termination is a valid theory, they argue that it is unavailable to plaintiffs in Wisconsin because the Wisconsin Fair Dealership Law offers plaintiffs the opportunity to seek an injunction to stop defendants from making good on threats of termination or illegal coercion. Defendants maintain that plaintiffs' failure to pursue that adequate legal remedy bars them from seeking damages now. Plaintiffs contend that an injunction would not have provided an adequate legal remedy.

■ The Wisconsin Fair Dealership Law allows dealers to seek damages and injunctive relief against grantors that have violated its provisions. Wis.Stat. § 135.06. Dealers are not limited to accepting equitable relief; they may seek either type of relief or both. *Frieburg Farm Equip. v. Van Dale, Inc.,* 978 F.2d 395, 403 (1992); *see also* Bowen & Butler, *supra,* at § 12.2 ("Section 135.06 provides that a dealer may seek damages or injunctive relief or both. The choice is the dealer's.").

■ Plaintiffs miss the mark when they argue that because the Wisconsin Fair Dealership Law does not limit them to injunctive relief they need not have sought injunctive relief under the law in order to claim constructive termination now. Wisconsin has adopted a tort law analysis for claims of economic duress, recognizing that parties have a duty to exercise superior economic power reasonably. *Wurtz v. Fleischman,* 89 Wis.2d 291, 302, 278 N.W.2d 266, 270 (Ct. App.1979), *rev'd on other grounds,* 97 Wis.2d 100, 293 N.W.2d 155 (1980). To succeed on a claim of economic duress, plaintiffs must not only prove a breach of this duty but must show also that the wrongful act caused their injury. *Id.* at 306, 278 N.W.2d 266. The primary criterion to be used in applying an objective test for causation is whether the legal system made available to the victim an adequate remedy to protect his interest at the time it was threatened. *Id.* at 307, 278 N.W.2d 266. If an adequate remedy existed and plaintiffs failed to use it, this tends to prove that plaintiffs' acquiescence was based on factors other than the defendants' alleged coercion. Plaintiffs must show either that no legal remedy was available or that the available remedy was inadequate. To make this showing, plaintiffs must demonstrate the remedy was not clearly available at the time of the threat or that the remedy would not have clearly protected their interests. *Id.*

■ Although the Wisconsin Fair Dealership Law provides autonomy in the choice of remedy, plaintiffs who base their claim on a theory of economic duress cannot escape the necessity of first proving their economic duress allegations under the standards set out in *Wurtz.* This limits plaintiffs' ability to choose avenues of legal redress but is essential to bolster their claims that they were coerced into the sale of their dealership. In this case, plaintiffs will need to show why the injunctive relief available under the Wisconsin Fair Dealership Law would have been inadequate to remedy defendants' threatened actions. Defendants argue that the injunctive relief available to plaintiffs was clearly adequate. However, the law of economic duress does not make a presumption of adequacy but rather allows plaintiffs to show inadequacy. *Wurtz,* 89 Wis.2d at 307, 278 N.W.2d 266.

Plaintiffs assert that injunctive relief would not have adequately protected them from defendants but have offered little proof of this assertion. Because I recognize that plaintiffs did not understand that the court would adopt such an analysis, it would be unfair to rely solely on their offer of proof regarding the inadequacy of injunctive relief. Yet it would also be an inefficient and expensive use of the court's resources to proceed to trial if plaintiffs cannot show the inadequacy of injunctive relief. To resolve this conflict, I will allow plaintiffs time to submit proof that injunctive relief under the Wisconsin Fair Dealership Law would not have offered an adequate remedy to defendants' threats. No later than October 10, 1995, plaintiffs are to serve and file a supplemental statement setting forth the evidence they will adduce at trial to show the inadequacy of injunctive relief as a means of defusing defendants' threats of termination. In this supplemental statement, plaintiffs should identify the witness or trial exhibit that will support their allegations. Defendants may have until October 13, 1995, in which to comment on the statement. If plaintiffs are unable to show that they possess the necessary evidence to meet their burden of proof on this claim, I will dismiss the case on the court's own motion. If plaintiffs do show that they possess the necessary proof, the case will proceed to trial as scheduled. Accordingly, defendants' motion for reconsideration is STAYED pending plaintiffs' presentation of evidence on the inadequacy of injunctive relief.

Defendants requested that the court issue a statement allowing them to seek an interlocutory appeal to the United States Court of Appeals for the Seventh Circuit. 28 U.S.C. § 1292(b). Because I have reconsidered the application of economic duress to plaintiffs' constructive termination claim it is not necessary to grant defendants' requested certification. Although I ruled against defendants on whether threats can serve as the basis of a constructive termination claim, they did not ask for certification on this issue. Certification on that issue would be unnecessary in any case because an appeal would not materially advance the ultimate termination of this litigation. Consequently, defendant's request for certification for interlocutory appeal is DENIED.

## ORDER GRANTING RECONSIDERATION AND DISMISSING CLAIM

■ In an order dated September 28, 1995, I ruled that before plaintiffs can bring a claim of constructive termination under the Wisconsin Fair Dealership Law based on a theory of economic duress they are required to demonstrate that they pursued legal avenues available to remedy the alleged duress or that those remedies would not have been adequate to cure the problem. I ordered plaintiffs to submit a written statement explaining how they intended to demonstrate the inadequacy of the injunctive relief provided under the Wisconsin Fair Dealership Law. Plaintiffs have filed such a submission. It does not convince me that injunctive relief would have been inadequate to relieve them of the duress they felt or that injunctive relief would not have been available at the time defendant told them to sell the dealership. Accordingly, I will dismiss plaintiffs' constructive termination claim.

Plaintiffs suggest that injunctive relief would not have been adequate because their relationship with defendants was "clearly poisoned" and they were concerned that defendants would not cooperate in the operation of the dealership. Plaintiffs argue that even if they were granted an injunction, defendants could have delayed parts and equipment shipments and failed to honor warranty work. These arguments are conjectural and insufficient as a matter of law. If plaintiffs had received an injunction against defendants, it is not likely that defendants would have skirted the requirements of that injunction and subjected themselves to a contempt of court order. If defendants had disobeyed the injunction, plaintiffs could have returned to court and obtained immediate relief.

Plaintiffs argue that injunctive relief was not clearly available to them because they would not have been able to prove a substantial risk of irreparable injury, the first factor a court considers in determining whether to grant an injunction. *See Menominee Rubber Co. v. Gould, Inc.*, 657 F.2d 164, 165–66 (7th Cir.1981). Again, plaintiffs are misguided. The Wisconsin Fair Dealership Law requires that any violation of its provisions "is deemed an irreparable injury to the dealer for determining if a temporary injunction should be issued." Wis.Stat. § 135.065. Even assuming this statutory presumption did not apply, an act that threatens to put a dealer out of business is certainly one that holds the potential of irreparable injury.

Defendants argue that plaintiffs' tortious interference claim also should be dismissed. Because defendants do not have adequate time to respond to that argument before trial, I will deny defendants' request.

## ORDER

IT IS ORDERED that defendants' motion for reconsideration is GRANTED and plaintiffs' constructive termination claim is DISMISSED.