FOX VALLEY HARVESTORE, INC., a corporation, and Carmen W. Gruetz-macher, Plaintiffs-Appellants,

v.

A. O. SMITH HARVESTORE PROD-UCTS, INC., a corporation, Defendant-Appellee.

No. 76–1611.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1976.

Decided Dec. 7, 1976.

Jay A. Canel, Chicago, Ill., Dennis D. Conway, Wisconsin Rapids, Wis., for plaintiffs-appellants.

William H. Alverson, Milwaukee, Wis., for defendant-appellee.

Before MOORE, Senior Circuit Judge,* and PELL and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The sole issue on this appeal is whether the district court properly denied a preliminary injunction.

I

Briefly, the facts appear to show that at the urging of one of defendant's representatives, the individual plaintiff purchased the plaintiff-dealership for $950,000, including $250,000 for good will. He also invested $250,000 in the dealership for capital improvements. The January 23, 1973 agreement entered into by defendant and the plaintiff dealership was terminable by either party upon 90 days written notice. On or about March 26, 1976, the defendant gave the prescribed notice of termination. On May 20, 1976, the plaintiffs brought an action against the defendant in several counts and upon several legal bases. On June 24, 1976, the district court denied the plaintiffs' motion for a temporary injunction, whereupon the plaintiffs appealed.

II

The grant of a preliminary injunction is the exercise of an extremely far reaching power not to be indulged in except in a case clearly warranting it. *Sierra Club v. Hickel,* 433 F.2d 24, 33 (9th Cir. 1970). The universally accepted standard for the appellate test of a preliminary injunction is whether there was an abuse of discretion in granting or denying it. *Morgan v. Fletcher,* 518 F.2d 236, 239 (5th Cir. 1975). The discretion exercised by the district court is measured against several prerequisites: (1) the plaintiffs have no adequate remedy at law [1] and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest. *Burns v. Paddock,* 503 F.2d 18, 28 (7th Cir. 1974); *Milsen Co. v. Southland Corp.,* 454 F.2d 363, 367 (7th Cir. 1971); *Morgan v. Fletcher, supra,* at 239. A preliminary injunction is an extraordinary remedy which is not available unless the plaintiffs carry their burden of persuasion as to all of the prerequisites. *Canal Authority v. Callaway,* 489 F.2d 567, 576 (5th Cir. 1974).

The district court found that "the hardship to plaintiffs is substantially greater in that plaintiffs will suffer irreparable harm from the termination." On the other hand the court concluded that "there is no reasonable likelihood of plaintiffs' success upon the merits" of their claims (1) that the termination violated the Wisconsin Fair Dealership Law, Chapter 135, Wisconsin Statutes; (2) that the termination violated the Uniform Commercial Code; or (3) that Wisconsin public policy required defendant to show good cause for termination and that in the absence thereof a breach of contract occurred. The court found that "there is little likelihood of Plaintiffs' success upon the merits of their claim that either the termination or Defendant's conduct has or will violate the antitrust laws."

The plaintiffs have argued that inasmuch as they have shown that they will suffer irreparable injury and that the balancing of hardships weigh in their favor, a preliminary injunction should be granted enjoining termination of their franchise at least because of their antitrust claim. They rely upon *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1205–06 (2d Cir. 1970) where the court noted that "[i]n light of the imbalance of hardship, affirmance of

---

* Senior Circuit Judge Leonard P. Moore of the United States Court of Appeals for the Second Circuit is sitting by designation.

1. Some of the cases do not separately mention adequate remedy at law as a prerequisite (*see, e. g., Morgan v. Fletcher, supra,* at 239), but the concept of adequacy is incorporated in the requirement of irreparable harm and likelihood of success inasmuch as neither could be established without a showing of an inadequate remedy at law.

the temporary injunction does not depend on a holding that . . . [plaintiff] had demonstrated a likelihood of success. . . ." Courts which have shown sympathy to the *Semmes* view have stressed the words "in light of the imbalance" as meaning, not that ultimate success is no longer a factor, but that if the harm to the plaintiff is sufficiently serious, the factor of likelihood of success on the merits diminishes in importance in the equitable balancing process. *Wm. Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 526 F.2d 86, 88 (9th Cir. 1975); *Century 21 Shows, Inc. v. Iowa,* 346 F.Supp. 1050, 1057 (S.D.Iowa 1972) (dissenting opinion). In this circuit, we have cited *Semmes,* but not as eliminating the need to show some likelihood of success. In *Milsen, supra,* at 366, n.3, the plaintiffs had met their burden of showing likelihood of success. In *Mullis v. Arco Petroleum Corp.,* 502 F.2d 290, 293 (7th Cir. 1974), Mr. Justice (then Judge) Stevens said:

> Thus, the requirement of a "reasonable likelihood of success" is necessarily a somewhat flexible standard that allows the chancellor room for the exercise of judgment.

■ The plaintiffs have also argued that they have satisfied their burden of showing a reasonable likelihood of success, but since in our view they have failed to show the lack of an adequate remedy at law, it is not necessary for our decision to consider the questions of likelihood of success in detail. We do note, however, that we have given consideration to those questions and we cannot say that the district court abused its discretion in concluding that the plaintiffs "have not demonstrated a reasonable likelihood of success on these claims at this time." We consider next the question of inadequacy of damages.

■ The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. *Beacon Theatres v. Westover,* 359 U.S. 500, 506–07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (citations omitted); *Sampson v. Murray,* 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).

■ The case closest upon its facts appears to be *Milsen, supra,* where we reversed a district court denial of a preliminary injunction and prevented the termination of franchises pending the trial of an antitrust suit by several franchisees against their franchisor. In that case the franchisees were unable to continue their franchise payments due in part to alleged antitrust violations. The franchisor allowed them to fall behind, until they filed their antitrust suit, at which time retaliatory terminations were attempted. Because the loss of their respective stores and in most cases sole livelihood, would have crippled if not destroyed their ability to carry on their antitrust case, we granted relief to the ·franchisees. Their remedy at law would have become non-existent if they lacked the ability to prosecute it. Here the record indicates no comparable situation. The termination of the dealership occurred before the filing of the antitrust suit and was not a retaliatory measure. The plaintiffs have not shown an inability to finance their antitrust litigation and it appears that the individual plaintiff continues to operate another dealership with a primary territory including 24 counties in Midwestern Wisconsin and 6 counties in the Upper Peninsula of Michigan.

Without commenting in any way upon the merits of plaintiffs' case, it appears that plaintiffs will have an adequate remedy at law for damages for incurring expenses in connection with an agency contract terminable at will where they may not have been afforded a sufficient opportunity to recoup from the undertaking. *P. S. & E. Inc. v. Selastomer Detroit, Inc.,* 470 F.2d 125 (7th Cir. 1972). If antitrust violations are proved, treble damages will be available.

Finally, we cannot say that the district court abused his discretion in denying a preliminary injunction and that judgment is affirmed.

AFFIRMED.