**John M. KAPSOS et al., Plaintiffs,**

v.

**CITY OF MILWAUKEE, a Municipal Corporation, et al., Defendants.**

**No. 77–C–642.**

United States District Court,
E. D. Wisconsin.

May 4, 1978.

---

William H. Vettel, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by John F. Kitzke, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have filed a motion for a preliminary injunction. The defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted and, as to the defendants city of Milwaukee and board of zoning appeals, to dismiss for lack of subject matter jurisdiction. In addition, the defendant Donald O'Connell has filed a motion to dismiss to which the plaintiffs are not opposed. The plaintiffs' motion will be denied, and the defendants' motions, except for the unopposed motion of Donald O'Connell, will also be denied.

This is an action for damages and injunctive relief pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983, 1985, and 1986, by the owners of a tavern against the city of Milwaukee, present and former aldermen of the city, and the city of Milwau-

kee board of zoning appeals, claiming constitutional deprivations in connection with the defendants' decision to deny the plaintiffs a renewal of the liquor license for their tavern.

## THE MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The defendants city and board of zoning appeals argue that they should be dismissed from the action because they are not "persons" within the meaning of 42 U.S.C. § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

The plaintiffs argue that they do not rely on § 1983 for their claim against the city and the board. Instead, they rely on federal question jurisdiction under 28 U.S.C. § 1331 and claim liability based on violations of the equal protection and due process requirements of the Fourteenth Amendment.

■ I have previously ruled that subject matter jurisdiction may be acquired over a municipality alleged to have deprived a tavern owner of due process in connection with the nonrenewal of a liquor license provided the jurisdictional requirements of 28 U.S.C. § 1331 are met. *Barrette v. City of Marinette,* case no. 77–C–433 (decision and order dated July 22, 1977); see also *Barrette v. City of Marinette,* 440 F.Supp. 1277, 1278 (E.D.Wis.1977). The defendants have not responded to the plaintiffs' allegations that the jurisdictional prerequisites for acquiring subject matter jurisdiction over the city and board pursuant to 28 U.S.C. § 1331 have been properly pleaded. Accordingly, the motion to dismiss for lack of subject matter jurisdiction over these two defendants will be denied.

## THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

■ In support of their motion to dismiss, the defendants rely on a decision of the circuit court for Milwaukee County af-

firming a decision of the board of zoning appeals; the board had denied the plaintiff an occupancy permit for the tavern premises in question. The defendants do not suggest the significance of the state court's decision to the issues before this court. If the decision is cited to establish the fact that the requirements of state law have been met, this fact may be taken as established. However, I find no indication in the state court's decision that the constitutional issues raised in this action were considered or resolved. I therefore find that the decision of the state court alone does not require the dismissal of this action.

## THE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

■ The plaintiffs have filed a motion for a preliminary injunction supported by affidavits, exhibits and a brief. The defendants have not filed any material in response, but their motion to dismiss clearly evidences the defendants' opposition to the plaintiffs' motion. From the record, most of which is established by the plaintiffs' affidavits, there are recited below what now appear to be the facts of this case.

Until the events complained of in this action, the premises owned by the plaintiffs had been occupied by a licensed tavern since 1936. In 1945, the area in which the premises are located was rezoned from local business to residential. Since that time, a tavern has been allowed to exist on the property as a legal nonconforming use. In early 1974, the premises were substantially damaged by fire. The plaintiffs offered to purchase the premises in the damaged condition subject to their obtaining a liquor license to operate a tavern at that location. The plaintiffs assert that they requested and received assurances from the office of the city clerk and the department of building inspection that the property could be renovated, restored and relicensed for operation as a tavern.

In May, 1974, the plaintiffs purchased the premises for $26,000. On June 28, 1974, one of the plaintiffs obtained a liquor license for the tavern. The plaintiffs thereupon

invested approximately $85,000 for rebuilding and renovating the premises.

The tavern opened for business in mid-April, 1975. The youthful clientele who patronized the tavern brought an increase in traffic, parked cars, and noise to the neighborhood. When the license came up for renewal before the utilities and licenses committee on June 6, 1975, several neighbors of the tavern objected to renewal of the license. Nevertheless, the committee recommended that the license be renewed, and the city common council voted for renewal on June 17, 1975. However, on June 26, 1975, upon the motion of the neighborhood alderman, Robert Kordus, the matter of the plaintiffs' license was referred back to the committee meeting scheduled for June 30, 1975.

At 5:00 on Friday afternoon, June 27, 1975, one of the plaintiffs was served with notice of a hearing for reconsideration of the tavern license scheduled for the following Monday morning, June 30, at 10:30 A.M. The notice stated that the plaintiffs had the right to have an attorney present. The plaintiffs did not engage an attorney for the Monday meeting, but they appeared at the Monday hearing in person and made statements before the committee. Several neighbors also appeared and gave statements. In addition, the committee received written statements prepared by other neighbors not in attendance. The plaintiffs made no rebuttal presentation and did not cross examine any of the neighbors who gave statements.

After hearing the arguments of the plaintiffs and the neighbors, the committee unanimously passed a motion that the renewal application be held in committee until the plaintiffs submitted a plan for committee approval which would meet the neighbors' objections.

Just after the conclusion of the meeting, a "verbal altercation" occurred between one of the plaintiffs and one of the objecting neighbors. The plaintiffs claim that alderman Kordus observed the incident from inside the city council chambers, and then he stated to the plaintiffs: "That's it, now you are revoked." At the common council meeting which immediately followed, the council voted to deny renewal of the plaintiffs' license and did not consider the committee's recommendation to hold the matter in committee.

The plaintiffs assert that they approached alderman Kordus on several occasions subsequent to the June 30, 1975, meeting to discuss the liquor license and were informed on each occasion that they would not receive a license. Believing that they could not get past the alderman's objection, the plaintiffs undertook efforts to sell the premises. The plaintiffs received several offers to purchase contingent on the buyer's successful application for a liquor license, but none were able to do so, and the transactions fell through.

On October 6, 1976, one such prospective buyer applied for a liquor license, but the office of the building inspector refused to issue the occupancy permit necessary to complete the application, citing Milwaukee Ordinance § 16–5(4)(b)6, which provides:

"*Discontinuance of Use.* When a nonconforming use of such structure or structures and premises in combination is discontinued for a period of twelve (12) months it shall not thereafter be resumed. Any discontinuance caused by governmental action and without any contributing fault by the nonconforming user shall not be considered in calculating the length of discontinuance."

The plaintiffs appealed the building inspector's decision to the board of zoning appeals, which upheld the decision. On certiorari to the state circuit court, the court found that the discontinuance of the nonconforming use for 12 months was not without contributing fault of the plaintiffs. Accordingly, the board's decision was affirmed. Shortly thereafter, the plaintiffs commenced this action.

A preliminary injunction may be granted if the following requirements are met:

" . . . (1) the plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not

issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest." *Fox Valley Harvestore v. A.O. Smith Harvestore Products,* 545 F.2d 1096, 1097 (7th Cir. 1976).

Since I am not convinced the plaintiffs have a reasonable likelihood of success on the merits, the other requirements need not be considered.

In *Manos v. City of Green Bay,* 372 F.Supp. 40, 51 (E.D.Wis.1974), it was held that before a tavern owner may be deprived of his liquor license, the following minimum requirements of due process must be met:

> " . . . the municipality must provide the tavern owner or licensee with (1) notice of the charges upon which denial of the liquor license is predicated, (2) an opportunity to respond to and challenge such charges, (3) an opportunity to present witnesses under oath, (4) an opportunity to confront and cross-examine opposing witnesses under oath, and (5) the opportunity to have a verbatim, written transcript made upon his own initiative and expense. In addition, the conclusions made by the hearing body must be based on the evidence adduced at the hearing."

It is clear that advance written notice was given to the plaintiffs and also that such notice disclosed the charges to be considered at the hearing. The notice provided:

> "The committee will consider whether the tavern is creating undesirable neighborhood problems because of management or location and whether the license application should be renewed.
>
> "You are requested to attend this hearing and you may also be represented by your own attorney in this matter."

I also believe that the plaintiffs were given an adequate opportunity to retain counsel. Moreover, the plaintiffs did not object at the June 30, 1975, meeting to the sufficiency of the time they were given to retain counsel, and they did not request an adjournment of the hearing.

I also believe that the proceeding afforded the plaintiffs an opportunity to present proof and to cross-examine the complaining parties. In addition, the plaintiffs were provided with an opportunity to obtain a transcript of the proceeding. I am unwilling to treat the so-called verbal altercation as the true basis for the city council's decision; there is no valid basis for my finding that the decision did not stem from the statements and testimony adduced at the hearing.

Since I am not persuaded that the plaintiffs have a reasonable likelihood of ultimate success in this action, a preliminary injunction should not be granted.

Therefore, IT IS ORDERED that the motions to dismiss, except for that of the defendant Donald O'Connell, be and hereby are denied.

IT IS ALSO ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is denied.