AMERICAN HOSPITAL ASSOCIATION,
Plaintiff,

v.

Patricia R. HARRIS, Defendant.

No. 79 C 2669.

United States District Court,
N. D. Illinois, E. D.

Oct. 1, 1979.

Laurie A. Bookstein, American Hospital Ass'n, David W. Andich, Roan & Grossman, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

Nelson A. Soltman, Michael D. Young, Legal Assistance Foundation of Chicago, Chicago, Ill., Armin Freifeld, Santa Monica, Cal., Bruce L. Goldsmith, Ill. Migrant Legal Asst. Project, Chicago, Ill., for intervening defendants.

## ORDER

BUA, District Judge.

The American Hospital Association (AHA), acting on behalf of its member organizations, seeks in the present action to have declared invalid certain Regulations recently issued by the Department of Health, Education and Welfare (HEW). The Regulations in question deal primarily with the degree, type and extent of charitable care required of hospitals receiving "Hill-Burton" funds. The AHA has taken the position that HEW, in acting as it did, exceeded its statutory authority. HEW, in response, contends that the Regulations at issue were developed in accordance with the dictates of Titles VI and XVI of the Public Health Service Act, 42 U.S.C. §§ 291 *et seq.*, 300*o et seq.* As the amount in controversy exceeds $10,000, exclusive of interest and costs, jurisdiction lies pursuant to 28 U.S.C. § 1331(a) and 5 U.S.C. § 702.

On August 24, 1979, the plaintiff (the AHA) filed its motion for a temporary restraining order in an attempt to delay the implementation of the Regulations under discussion. A hearing on the motion was held August 31st. This court denied that motion and the Regulations became effective on September 1, 1979. Now before the court is the AHA's motion for a preliminary injunction. Rule 65, Fed.R.Civ.P. Pursu-ant to this motion, the plaintiff seeks to have HEW enjoined from implementing the aforementioned Regulations until this court is able to properly ascertain and rule upon their validity.

The relief sought by the AHA, a preliminary injunction, is looked upon as an "extraordinary remedy." *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976); *Diversified Mortgage Investors v. U. S. Life Title Insurance Co.*, 554 F.2d 571, 576 (2d Cir. 1976); *Wyrough & Loser, Inc. v. Pelmore Laboratories, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967). Such injunctive relief is the exception, not the rule, *Sid Berk, Inc. v. Uniroyal, Inc.*, 425 F.Supp. 22, 28 (C.D.Cal. 1977), and is granted only in unusual circumstances, *Ryan v. Ideal Toy Corp.*, 260 F.Supp. 828, 831 (C.D.Cal.1966). Before a preliminary injunction can be issued, the moving party must satisfy four prerequisites. These prerequisites were set forth in *Fox Valley Harvestore, Inc. v. A. O. Harvestore Products, Inc., supra* at 1097, where the Seventh Circuit stated:

> (1) [the movant must demonstrate that it has] no adequate remedy at law and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the [movant] outweighs the threatened harm the injunction may inflict on the [non-moving party]; (3) the [movant has] at least a reasonable likelihood of success on the merits; and (4) the granting of [the preliminary injunction sought] will not disserve the public interest.

*See also Barrett v. Roberts*, 551 F.2d 662, 665 (5th Cir. 1977); *CBS, Inc. v. Lieberman*, 439 F.Supp. 862, 865 (N.D.Ill.1976). If the movant fails to carry its burden of persuasion as to any of these prerequisites, no injunctive relief will lie. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc., supra* at 1097; *Canal Authority v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

In the present case, the AHA has, in varying degrees, failed to sustain its burden of persuasion. At the outset, the plaintiff has not demonstrated with sufficient clarity

that its member organizations will suffer irreparable harm if a preliminary injunction is not issued. The irreparable harm required to justify the invocation of injunctive relief is comprised of "substantial injury to a material degree coupled with the inadequacy of money damages." *Tully v. Mott Supermarkets, Inc.*, 337 F.Supp. 834, 850 (D.N.J.1972). Although the AHA has shown that its member hospitals cannot, under the circumstances, be compensated by money damages for any injuries they may suffer, the plaintiff has not established that any substantial injury will result from the implementation of the Regulations in question.

The true extent of the injuries the plaintiff's member organizations will suffer if the Regulations at issue are not enjoined has not been made clear. The AHA contends that its member hospitals will incur considerable administrative expenses if they are forced to implement the new Regulations. HEW, however, correctly points out that approximately 60% of the hospitals under discussion, if they hoped to be in compliance with the new Regulations by September 1, have already incurred a substantial portion of these costs. Federal Defendants' Memorandum In Opposition to Motion For Preliminary Injunction at 5–6. The plaintiff, moreover, while presenting a variety of facts and figures, has failed to demonstrate with any degree of specificity that the administrative burden its member hospitals will be forced to bear under the Regulations in question is significantly greater than that imposed by earlier HEW Regulations (those superseded by the new Regulations).

The AHA discusses in considerable depth how the new Regulations will affect some of its member institutions. It does not, however, discuss in detail what the cumulative effect will be, at this point in time, on all of its member hospitals now subject to the Regulations. It is this cumulative effect, though, which would be largely determinative of whether the threatened irreparable injury is substantial "to a material degree." Accordingly, as the plaintiff has failed to adequately depict the type and extent of harm the Regulations at issue

would inflict upon its member organizations, this court cannot properly conclude that the AHA's membership generally is threatened with the degree of irreparable harm normally associated with the imposition of injunctive relief.

On the subject of irreparable harm, it also must be noted that, of the various injuries the AHA contends its membership will suffer if the new Regulations are implemented, several clearly are not of the type ordinarily considered in a determination of whether injunctive relief will properly lie. The plaintiff, for example, in several places discusses the effects of the "inflation factor" found in the Regulations at issue. Any injury resulting from this aspect of the Regulations, however, would not be incurred for some time—and in all likelihood not until well after the merits of the AHA's claims have been properly adjudicated. Such future injury clearly is speculative. Accordingly, it is not, as a matter of law, sufficient to constitute the degree of irreparable harm required for the issuance of a preliminary injunction. *Gulf Oil Corp. v. Federal Energy Administration*, 391 F.Supp. 856, 863–64 (W.D.Pa.), *appeal dismissed*, 521 F.2d 810 (Temp.Emer.Ct.App. 1975); *see A.L.K. Corp. v. Columbia Pictures Indus., Inc.*, 440 F.2d 761, 764 (3d Cir. 1971).

The plaintiff also argues that, under the new Regulations, certain specified costs of compliance will not be credited toward its member hospitals' uncompensated service (charitable care) obligations. While the AHA's allegations clearly are correct, the threatened injury to the plaintiff's membership again is not sufficient to constitute irreparable harm. If the AHA ultimately prevails on the merits as to the validity of these sections of the Regulations, this court can easily fashion a remedy which would restore to the plaintiff's member institutions any monetary loss incurred as a consequence of their compliance with the challenged Regulations. As HEW readily concedes, this court can, if need be, direct that the plaintiff's member hospitals be permitted to credit such costs of compliance

against their future uncompensated service obligations. This being so, any potential harm to the AHA's member organizations (resulting from these particular sections of the new Regulations) cannot properly be considered irreparable. *Morgan v. Fletcher,* 518 F.2d 236, 239–40 (5th Cir. 1975).

The AHA, in addition to not having shown that its members will suffer irreparable harm if injunctive relief is not granted, has failed to demonstrate a reasonable likelihood that it will succeed on the merits. In its complaint, the plaintiff does establish that, at least in respect to some of the Regulations at issue, it has a valid claim for relief. This, though, does not equate with a showing that the AHA is likely to prevail on these claims. *South East Chicago Commission v. Department of Housing & Urban Development,* 343 F.Supp. 62, 67 (N.D.Ill. 1972), *aff'd,* 488 F.2d 1119 (7th Cir. 1973).

■ Under the circumstances presented, the AHA must demonstrate a strong likelihood that it ultimately will prevail on the merits. Although the likelihood of success on the merits a movant for injunctive relief must demonstrate varies with the quality and quantum of harm it will suffer from denial of the injunction sought, when the showing of irreparable harm appears insufficient the movant incurs a burden of establishing with reasonable certainty that it will be successful. *District 50, United Mine Workers of America v. International Union, United Mine Workers of America,* 134 U.S. App.D.C. 34, 37, 412 F.2d 165, 168 (D.C.Cir. 1969). The AHA has not met this enhanced burden. In its memoranda, the plaintiff shows clearly that its contentions are not without substance. The legal arguments it presents, however, are not adequate to establish "with reasonable certainty" that the AHA eventually will prevail.

Many of the Regulations being challenged are subject to more than one construction. The plaintiff's contentions regarding the invalidity of these Regulations, however, often rest on their being interpreted or construed in a certain way. If the aforementioned Regulations ultimately are given a different, more reasonable construction, the AHA's arguments as to their invalidity likely will fail. Thus, in contrast to what is required for the issuance of a preliminary injunction, the very real possibility exists that, with respect to these points, the plaintiff will not prevail on the merits.

■ The AHA's failure to demonstrate the requisite likelihood of success on the merits, however, cannot in itself be dispositive of the plaintiff's motion. If from the merits of the case at bar it can be determined that the litigation will give rise to serious and important questions, a preliminary injunction may properly be granted. In such situations, the movant's burden with respect to its likelihood of prevailing on the merits is diminished somewhat. For such injunctive relief to lie, though, the movant also must show that the balance of hardships resulting from the injunction sought tips decidedly in its favor. *See Diversified Mortgage Investors v. U. S. Life Title Insurance Co., supra* at 576.

In the instant case, it is clear that serious and important questions will be presented. The balance of hardships, however, rather than favoring the plaintiff's member organizations, tips noticeably in favor of the defendant, HEW, and those segments of the general public it purports to represent. The Regulations at issue, and the relevant enabling statutes—Titles VI and XVI of the Public Health Service Act, were developed to provide the poor with greater access to hospital care. HEW, in this action, is the representative of such poor people. If the AHA is given the injunction it seeks, it (the injunction) will operate to deny some of these individuals hospital care. To deny such poor individuals access to the hospital care they require, however, would be to impose upon them a hardship that is far greater than any the AHA's member organizations will have to endure. *See American Medical Association v. Weinberger,* 522 F.2d 921, 925–26 (7th Cir. 1975); *South East Chicago Commission v. Department of Housing & Urban Development, supra* at 343 F.Supp. 62, 67. It is apparent, therefore, that the balance of hardships favors

the defendant, and accordingly that the AHA is not entitled to injunctive relief.

From the above discussion regarding the balancing of hardships, it is equally apparent that, if the preliminary injunction the plaintiff seeks were issued, the public interest would be adversely affected. *American Medical Association v. Weinberger, supra* at 925–27; *South East Chicago Commission v. Department of Housing & Urban Development, supra* at 343 F.Supp. 62, 67. That fact, when coupled with those discussed previously, makes it quite clear that the AHA's motion cannot properly be granted. Issuing a preliminary injunction is a "discretionary exercise by the court of a very far-reaching power, 'never to be indulged in except in a case clearly demanding it'." *Sid Berk, Inc. v. Uniroyal, Inc., supra* at 29. The instant suit is not such a case.

Accordingly, for the reasons stated above, the plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.