**ROPER CORPORATION, Plaintiff,**

v.

**LITTON SYSTEMS, INC., Defendant.**

No. 84 C 2711

United States District Court, N.D. Illinois, E.D.

Aug. 10, 1984.

J. William Hayton, Bell, Boyd & Lloyd, Chicago, Ill., Frank P. Porcelli, Fish & Richardson, Boston, Mass., for plaintiff.

Nate Scarpelli, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., for defendant; John Diaz, J. Robert Dailey, Morgan, Finnegan, Pine, Foley & Lee, New York City, Robert Lowe, Litton Systems, Inc., Minneapolis, Minn., of counsel.

## MEMORANDUM OPINION

BUA, District Judge.

Plaintiff Roper Corporation has brought this action against Litton Systems, Inc. for alleged patent infringement with respect to United States Letters Patent No. 4,028,520 issued June 7, 1977 to Sumner H. Torrey entitled "Air Flow System for Common Cavity Microwave Oven" ("the Torrey patent"). Roper Corporation ("Roper") is a Delaware corporation having its principal place of business in Kankakee, Illinois. Litton Systems, Inc. ("Litton") is a Delaware corporation having a regular and established place of business in this District, where at least some of the alleged acts of infringement complained of have been said to have been committed. Subject matter jurisdiction exists under 28 U.S.C. § 1338.

This action is now before the Court on Roper's motion for a preliminary injunction enjoining Litton from manufacturing and selling its self-cleaning common cavity ovens having an allegedly similar ventilation system (including but not limited to Litton's Models 773 and 776) as well as from providing to any third parties the technology related to the ventilation system found in the allegedly infringing Litton ovens.

Litton, while not contesting the validity of the Torrey patent for the purpose of this motion, opposes Roper's motion for a preliminary injunction on the following grounds: (1) Roper has not demonstrated that it is in any danger of suffering immediate irreparable injury; (2) Roper has not shown that the harm which it would suffer in the absence of an injunction outweighs the harm which Litton would suffer if an injunction did issue; (3) Roper has not shown that a grant of a preliminary injunction in this case would serve the public interest; and (4) Roper has failed to establish the likelihood of a probability of success on the merits in its suit alleging that Litton's combination ranges infringe claims 2–7 of the Torrey patents. This Court, having heard the testimony of the parties' witnesses at a hearing on June 18, 1984, and having considered the memoranda and exhibits filed by the parties, hereby denies Roper's motion for a preliminary injunction on the ground that Roper has failed to demonstrate that it would suffer immediate irreparable injury if a preliminary injunction does not issue.

## PREREQUISITES OF PRELIMINARY INJUNCTIVE RELIEF

[1, 2] Decisions to grant or deny preliminary injunctive relief are addressed to the sound discretion of the district court. *Wesley-Jessen Division of Schering Corporation v. Bausch & Lomb Incorporated*, 698 F.2d 862, 864 (7th Cir.1983). The Court's discretion must be guided by consideration of four factors:

(1) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue;

(2) whether the threatened injury to the plaintiff outweighs the threatened harm

the injunction may inflict on the defendant;

(3) whether the plaintiff has at least a reasonable likelihood of success on the merits; and

(4) whether the granting of a preliminary injunction will disserve the public interest.

*O'Connor v. Board of Education,* 645 F.2d 578, 580 (7th Cir.), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981). A preliminary injunction is an extraordinary remedy available only to plaintiffs who carry the burden of persuasion as to all four factors. *Fox Valley Harvestore v. A.O. Smith Harvestore Products, Inc.,* 545 F.2d 1096, 1097 (7th Cir.1976). In general, unless the plaintiff establishes that the defendant is financially irresponsible, a court will not grant a preliminary injunction enjoining infringement of a patent. *See Signode Corp. v. Weld-Loc Systems, Inc.,* 700 F.2d 1108, 1111 (7th Cir.1983) (affirming the denial of a preliminary injunction) ("As a general rule, 'a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction.' "); *Nuclear-Chicago Corp. v. Nuclear Data, Inc.,* 465 F.2d 428, 430 (7th Cir. 1972).

### IMMEDIATE IRREPARABLE INJURY

Roper claims that since validity is not contested, infringement has been clearly established, and Litton has not agreed not to continue infringing immediate irreparable harm is presumed. *See Smith International, Inc. v. Hughes Tool Company,* 718 F.2d 1573, 1581 (Fed.Cir.1983). However, unlike defendant-appellant Hughes in *Smith International,* Roper has failed to present "such a strong showing of validity and infringement" which would warrant the presumption of immediate irreparable harm. *Id.,* at 1580. *Smith International* and the case presently before this Court are thus clearly distinguishable.

Smith never denied that its F Series bits infringed the claims of the Hughes' pat-

ents. Instead, Smith relied solely on its contention that the Hughes' patents were invalid. The Ninth Circuit Court's decision in *Smith International, Inc. v. Hughes Tool Company,* 664 F.2d 1373 (9th Cir.), *cert. denied,* 456 U.S. 976, 102 S.Ct. 2242, 72 L.Ed.2d 851 (1982) declared that two Hughes' patents were valid. Because of the Ninth Circuit's decision, Judge Skelton of the Federal District stated:

> The Ninth Circuit Court's opinion removed any question about the validity and enforceability of the patents. Therefore, we have before us a clear admission that Smith makes and sells bits falling within the claims of Hughes' patents. Smith's failure to deny Hughes' allegations that Smith's F series bits infringed the Hughes' patents, and that it intended to continue making and selling them also amounts to an admission of infringement under Fed.R.Civ.P. 8(d).

*Smith International, Inc. v. Hughes Tool Company,* supra, 718 F.2d at 1581. The Federal Circuit made it clear that its presumption of immediate irreparable harm

> does not abrogate the traditional requirement of a showing of irreparable harm by one seeking a preliminary injunction ... [i]n cases where the showing of validity and infringement is less forceful than it is here, or in cases where equitable or public policy considerations are in favor of the infringer, a movant would have to make a stronger showing of irreparable harm in order to tip the balance of equity in his favor.

*Id.* at 1581 n. 7.

▮ While Litton has not contested the validity of the Torrey patent for the purpose of this motion, unlike Smith it has had no opportunity to challenge the validity of the patent in this suit or in a separate action. Furthermore, Litton has not admitted infringement. To the contrary, Litton has made a strong showing that its actions do not infringe the Torrey patent.[1] This

---

**1.** Because this Court may be called upon to decide the infringement issue at a later date, a

detailed discussion of the merits of Litton's defense will be reserved.

Court finds it impossible to presume immediate irreparable injury under the facts of this case.

## LITTON'S ABILITY TO RESPOND IN DAMAGES

Litton has cash and marketable securities in excess of $1.5 billion and has total current assets in excess of $2.5 billion. Traditionally, "defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction." *Nuclear-Chicago Corp. v. Nuclear Data, Inc.,* supra, 465 F.2d at 430. Roper has made no attempt to prove that Litton is financially irresponsible. Roper has claimed that Litton's sales of the allegedly infringing 700 Series ovens damaged Roper by taking sales away from Roper. Litton manufactured approximately 20,000 700 Series ovens,[2] and no more than 175 units remain in inventory. Assuming, for the purpose of discussing potential damages, that this Court later decided in favor of Roper on the infringement action, the harm to Roper based on lost sales due to infringement could, liberally construed, amount to approximately $22 million.[3] Although assessments of damages in cases involving patent infringement vary greatly, this Court is convinced that Litton has more than sufficient assets to satisfy any conceivable judgment in this case. Roper has clearly failed to demonstrate that it would suffer immediate irreparable injury if a preliminary injunction does not issue.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.

---

2. Litton is not presently manufacturing the allegedly infringing ovens.

---

3. Price of Roper oven ($11,000) × Maximum Number of Infringing Units Sold (20,000) = $22 million.