**PRICE ENGINEERING COMPANY, INCORPORATED, Plaintiff,**

v.

**VICKERS, INCORPORATED, Defendant.**

No. 91–C–959.

United States District Court, E.D. Wisconsin.

Sept. 30, 1991.

Kravit, Lammiman & DeBruin by Ralph A. Weber, Milwaukee, Wis., for plaintiff.

Godfrey & Kahn, S.C. by William Levit, Jr., Michael Ash and William E. Duffin, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This removal action is brought under the Wisconsin Fair Dealership Law, Wis.Stat. § 135.01 et seq. Federal jurisdiction is based upon diversity of citizenship, *see* 28 U.S.C. § 1332(a). At a hearing on September 25, 1991, the court entertained the plaintiff's motion for a preliminary injunction. At the conclusion of the hearing, the court denied the plaintiff's motion. The reasons for that decision were touched on at the time of the denial and are more fully addressed here.

The plaintiff, Price Engineering Company, Inc., [Price Engineering] is a Wisconsin distributor and designer of assembling fluid power products. The defendant, Vickers, Inc., [Vickers] is a Delaware corporation engaged in the manufacture of the "Double A" line of fluid power products. On August 30, 1991, this action was filed in a Wisconsin state circuit court, Judge Patricia S. Curley presiding. The complaint alleged that Vickers had terminated and substantially changed the competitive circumstances of the parties' dealership agreement without notice and without good cause in violation of Wis.Stat. §§ 135.03 and .04.

Along with the complaint, Price Engineering filed a motion for a temporary restraining order. On August 30, 1991, noting that the defendant had been given notice and an opportunity to be heard (which it declined), Judge Curley granted the plaintiff's motion, without conducting a hearing, and issued a temporary restraining order which effectively barred Vickers from terminating its business relationship with the plaintiff. Although the order did not specify its expiration date, the circumstances suggested that Judge Curley's temporary restraining order was to continue in effect until such time as a "temporary injunction" hearing could be held. That hearing, which was scheduled for September 6, 1991, was never held because on September 5, 1991, the defendants removed the action to federal court pursuant to 28 U.S.C. § 1441.

On September 6, 1991, the plaintiff filed, with this court, a motion for a temporary restraining order continuing the state court's temporary restraining order. Thereafter, on September 10, 1991, this court issued a decision and order which denied the plaintiff's motion, pursuant to 28 U.S.C. § 1450, but modified the temporary restraining order issued by Judge Curley so that such order remained in effect until September 25, 1991; at that time a nonevidentiary, preliminary injunction hearing was to be conducted by this court. The parties were directed to file with the clerk of court all evidentiary materials relevant to the hearing no later than September 23, 1991. The evidentiary submissions of the parties in support of and in opposition to the plaintiff's preliminary injunction motion have been received and considered by the court.

### I.

For the purpose of this motion, the court makes the following findings of fact. Price Engineering is a fluid power products distributor engaged in the sale of hydraulic components. (Price Aff. ¶ 2.) On July 5, 1988, Price Engineering entered into a written distributor agreement with Vickers. Under this agreement, Price Engineering was appointed as an authorized distributor of Vickers' line of products in its "area of primary responsibility": southern and eastern Wisconsin and the upper peninsula of Michigan. As a distributor, Price Engineering was required to provide "adequate coverage" for Vickers' line of products within its area of primary responsibility. (Distributor Agreement at ¶ 2.)

In addition to distributing the Vickers' line of Double A products, Price Engineering distributes the fluid power products of approximately 70 other manufacturers. (Crangle Aff. ¶ 13 and Ex. D; Duffin Aff. ¶ 7 and Ex H; Kowske Aff. ¶ 5 and Ex B.)

On August 15, 1991, Price Engineering received a letter from Vickers informing Price Engineering that Vickers had elected not to renew the distributor agreement with Price Engineering; the effective date

of the termination was identified in the letter as September 15, 1991—only 30 days later. (Price Engineering's Motion For A Preliminary Injunction Ex. B.)

## II.

■ Under the law of the court of appeals for the seventh circuit, a party seeking a preliminary injunction is obligated to make the following showing:

(1) that it has no adequate remedy at law or will be irreparably harmed if the preliminary injunction is not issued; (2) that the irreparable harm it will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (3) that it has a reasonable likelihood of prevailing on the merits; and (4) that the injunction will not harm the public interest.

*West Allis Memorial Hospital, Inc. v. Bowen*, 852 F.2d 251, 253 (7th Cir.1988); *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386–88 (7th Cir. 1984) (Posner, J.); *see also* Rule 65, Federal Rules of Civil Procedure. The movant must carry its burden of persuasion as to all of the prerequisites in order to be entitled to a preliminary injunction. *See Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir.1976). Under the circumstances of this case, the court finds it unnecessary to address all of the prerequisites to injunctive relief; the plaintiff has faltered at the first step. It has failed to show either that it has no adequate remedy at law or that it will be irreparably harmed if the injunction does not issue.

## III.

■ Under the Wisconsin Fair Dealership Law, a violation of the law by the grantor is generally deemed an irreparable injury to the dealer for determining if a temporary injunction should be issued. *See* Wis.Stat. § 135.065. Thus, the law creates a presumption of irreparable harm, in favor of a dealer, where a violation of the law can be shown. For the presumption to apply, it is necessary that there be a dealership relationship. For the purposes of this motion only, I am unwilling to make a finding at this time that Price Engineering is in fact a "dealer" within § 135.065 Wis.Stat. and entitled to enjoy the benefit of the presumption. *See Ziegler Co., Inc. v. Rexnord, Inc.*, 139 Wis.2d 593, 604–5, 407 N.W.2d 873 (1987); and Wis.Stat. § 135.02(2) and (3). There was conflicting evidence on the nature of the parties' business relationship, and the court does not purport to decide on the present record whether Price Engineering will be able to prove that it is a "dealer" under the state law; that issue is preserved for a determination following a plenary trial on the merits.

Notwithstanding its inability to invoke the presumption, Price Engineering contends that it would be irreparably harmed if the preliminary injunction is not issued because no adequate replacement for the Double A line of products exists and because monetary damages would be an inadequate substitute for the continuation of the "dealership." However, the plaintiff has failed to proffer persuasive evidence in support of these assertions. Conversely, the defendant has offered proof, in the form of an affidavit, disclosing that the plaintiff would continue to have access to the Double A product line should the court refuse to issue a preliminary injunction. (Futter Aff. ¶ 4.) Thus, this suggests that Price Engineering will not be burdened with having to find a *replacement* for the Double A line of products in the event that the preliminary injunction is not issued.

Further, the plaintiff has failed adequately to support its assertion that a *substantial* reduction in its business would result if the defendant was not required to maintain its business relationship with Price Engineering pending a trial on the merits. Moreover, a reduction in business, if any, occurring as a result of the court's refusal to require the defendant to maintain its business relationship with the plaintiff, would be wholly compensable by a monetary award of damages after a trial on the merits. (J. Price Deposition at pp. 153–54 (stating that if Price Engineering was compensated for four years of lost

profits, that would compensate it for the loss of the Double A product line).)

In light of the foregoing, I conclude that the plaintiff has failed to demonstrate that it has no adequate remedy at law or that it will be irreparably harmed if the preliminary injunction is not issued. Accordingly, the court deems it the better exercise of its equitable discretion to deny the plaintiff's motion for a preliminary injunction.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.

IT IS ALSO ORDERED that the temporary restraining order issued in the state circuit court by Judge Curley on August 30, 1991, and subsequently modified by this court on September 10, 1991, be and hereby is dissolved.